[Cite as *State v. Jefferson*, 2017-Ohio-4313.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-348 |
| v. | : | (C.P.C. No. 15CR-1615) |
| Diondre Jefferson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

———————————

D E C I S I O N

Rendered on June 15, 2017

———————————

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Laura R. Swisher,* for appellee. **Argued:** *Steven L. Taylor.*

**On brief:** *Yeura R. Venters,* Public Defender, and *George M. Schumann,* for appellant. **Argued:** *George M. Schumann.*

———————————

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Diondre Jefferson, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of murder with a three-year firearm specification. Based on the Supreme Court of Ohio's decision in *State v. Aalim*, ___Ohio St.3d___, 2017-Ohio-2956 (Slip Opinion) ("*Aalim II*"), we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On January 15, 2015, appellant was charged in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch case No. 15JU-485, with murder, aggravated robbery, kidnapping, and tampering with evidence. On January 16, 2015, the state filed a motion to relinquish jurisdiction pursuant to R.C. 2152.12(A). The motion alleged that appellant was subject to mandatory transfer to the general division

since he was 16 years old at the time of the offense, and that there was probable cause to find that he had committed a category one offense (murder) and a category two offense (aggravated robbery) while using a firearm.

{¶ 3} At the probable cause hearing, counsel for appellant objected to the constitutionality of the mandatory transfer provision of R.C. 2152.12(A) on the basis that it violated appellant's right to due process. The juvenile court found probable cause and granted the state's motion to transfer appellant to the general division for prosecution as an adult.

{¶ 4} On April 3, 2015, appellant was indicted in Franklin County C.P. No. 15CR-1615. The indictment contained the same charges originally filed in juvenile court with the addition of a count for aggravated murder with a firearm specification. On July 22, 2015, appellant pled guilty to murder with a 3 year firearm specification, and the remaining counts of the indictment were dismissed by agreement. The court sentenced appellant to 15 years to life in prison on the murder count, plus 3 years consecutive for the firearm specification, for a total sentence of 18 years to life. On May 6, 2016, appellant filed a motion for a delayed appeal, which this court granted on July 28, 2016.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant assigns the following errors:

> [I.] R.C. 2152.10(A) and R.C. 2152.12(A), the mandatory transfer statutes, violated the defendant-appellant's constitutional rights to due process protected by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.
>
> [II.] R.C. 2152.10(A) and R.C. 2152.12(A), the mandatory transfer statutes, violated the defendant-appellant's constitutional rights to equal protection protected by the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution.

## III. DISCUSSION

{¶ 6} On December 22, 2016, the Supreme Court of Ohio decided *State v. Aalim*, ___ Ohio St.3d ___, 2016-Ohio-8278 ("*Aalim I*"), which dealt with a defendant who was 16 years old at the time of the alleged offense. The case had been transferred to the general division of the common pleas court pursuant to R.C. 2152.10(A)(2)(b) and

2152.12(A)(1)(b). The Supreme Court held that "the mandatory transfer of juveniles to the general division of common pleas court violates juveniles' right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution." *Aalim I* at ¶ 31. The Supreme Court declined "to address the equal-protection issue raised in Aalim's second proposition of law." *Id.* at ¶ 30. As such, the Supreme Court remanded "the cause to the juvenile court for an amenability hearing pursuant to R.C. 2152.10 and 2152.12." *Id.* at ¶ 32.

{¶ 7} The state filed a motion to reconsider *Aalim I*. On May 25, 2017, the Supreme Court decided *Aalim II,* which granted the state's motion to reconsider, vacated the decision in *Aalim I*, and held as follows:

> Because this court failed in *Aalim I*, ___ Ohio St.3d ___, 2016-Ohio-8278, ___ N.E.3d ___, to consider the General Assembly's exclusive constitutional authority to define the jurisdiction of the courts of common pleas under Article IV, Section 4(B) of the Ohio Constitution, we grant the state's motion for reconsideration pursuant to S.Ct.Prac.R. 18.02. Upon reconsideration, we hold that the mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions. We therefore vacate our decision in *Aalim I*, and we affirm the judgment of the court of appeals upholding the trial court's denial of Aalim's motion to dismiss his indictment.

*Aalim II* at ¶ 38.

{¶ 8} *Aalim II* is dispositive of appellant's constitutional arguments. Therefore, appellant's assignments of error are overruled.

## IV. DISPOSITION

{¶ 9} Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

_____